

# AHDOOT & WOLFSON, PC
### ATTORNEYS

July 1, 2020

Conference adjourned to September 24, 2020 at 11 a.m.

VIA ECF

SO ORDERED.
July 2, 2020.

Honorable P. Kevin Castel
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

_____
P. Kevin Castel
United States District Judge

      Re:     **Broadway 104, LLC v. XL Insurance America, Inc.,**
                **Case No. 1:20-cv-03813 (PKC)**

Dear Judge Castel:

      I am counsel for Plaintiff Broadway 104, LLC ("Plaintiff") in the above-referenced action. The Initial Pretrial Conference ("IPC") is set for July 31, 2020. Please let this letter serve as Plaintiff's request to stay this action, including the IPC and associated deadlines, pending resolution of two motions to transfer and consolidate pursuant to 28 U.S.C. § 1407 before the Judicial Panel on Multidistrict Litigation ("JPML") in the proceeding entitled *In re: COVID-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942.

      This is Plaintiff's second request to continue the IPC, the first of which the Court granted. (ECF No. 17.) On June 24, 2020, I conferred telephonically with defense counsel, Matthew Gonzalez, regarding the contents of this letter motion. On June 25, 2020, Mr. Gonzalez emailed to inform me that Defendant XL Insurance America, Inc. ("Defendant") opposes Plaintiff's request for a stay.

## I.    FACTUAL BACKGROUND

      Plaintiff owns and operates a small, family business—a restaurant in Manhattan—that was devastated by the impact of the COVID-19 pandemic. (*See*

Complaint, ECF No. 1 at ¶ 2.) Plaintiff has an "all-risk" commercial insurance policy with Defendant that includes coverage for loss of business income and expenses associated with restrictions mandated by civil authority in response to COVID-19. (*Id.* ¶¶ 14-21.)

On March 7, 2020, New York State declared a state of emergency and began restricting public gatherings. (*Id.* ¶¶ 25-29.) On March 17, 2020, New York City ordered all restaurants closed for in-person dining. (*Id.* ¶ 30.) On March 22, 2020, New York's governor issued a stay-at-home order, including a mandate that all non-essential workers work from home. (*Id.* ¶ 31.) This order remained in effect for months, effectively prohibiting Plaintiff from operating his business. (*Id.* ¶ 33.) To date, New York City remains in Phase Two of the state's reopening process, with indoor dining still prohibited. (*See* N.Y. Forward, Reopening New York City, https://forward.ny.gov/reopening-new-york-city.)

This prohibition by civil authority has directly caused Plaintiff to lose significant business income. (Complaint ¶ 33.) After Plaintiff made a claim under Defendant's policy for loss of business income, Defendant promptly issued a denial letter on April 7, 2020. (*Id.*) Plaintiff has alleged that Defendant breached its contract and its covenant of good faith and fair dealing with Plaintiff, and that Defendant was unjustly enriched. (*Id.* ¶ 6.)

## II.   PROCEDURAL BACKGROUND

### A.   The Instant Action

Plaintiff filed a class action complaint on May 15, 2020 and effected service on Defendant on May 22, 2020. (ECF No. 9.) On May 20, 2020, the Court issued an IPC Order, setting the IPC for July 16, 2020. (ECF No. 7.) On June 19, 2020, the Court granted Plaintiff's consent request to continue the IPC to July 31, 2020. (ECF No. 17.)

Defendant filed a pre-motion letter indicating its intent to move to dismiss Plaintiff's complaint and strike class allegations on June 12, 2020. (ECF No. 14.) Plaintiff filed its response to Defendant's pre-motion letter on June 24, 2020. (ECF No. 19.) Pursuant to the continued IPC schedule, the parties are required to meet and confer under Federal Rule of Civil Procedure ("Rule") 26(f) by July 10, 2020 and file a joint letter in advance of the IPC on July 24, 2020. (*See* ECF No. 16 at 4.)

### B.      The JPML Proceeding (MDL No. 2942)

As of the date of this filing, this action is one of 205 related actions filed by businesses across the nation that have been related ("Related Actions") to two JPML motions to transfer filed on behalf of other plaintiff businesses against various insurer defendants. (*See In re: COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2942 (J.P.M.L.), Dkt. 1-1 (first motion to transfer, attached as Exhibit A) & Dkt. 4-1 (second motion to transfer, attached as Exhibit B); *see also* JPML Associated Cases, July 1, 2020, attached as Exhibit C.) In addition to over 200 Related Actions that are before the JPML, Plaintiff is informed and believes that there are numerous other related cases that have not yet been noticed as Related Actions before the JPML. Briefing was closed in MDL No. 2942 on June 16, 2020 (*id.* Dkt. 547) and the motions are set for hearing before the JPML on July 30, 2020. (*Id.* Dkt. 564, attached as Exhibit D.)

### III.     LEGAL STANDARD

The power of a district court to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (internal citation and quotation marks omitted). In considering a motion to stay, a district court must analyze the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). In balancing these factors, the "basic goal [is] to avoid prejudice." *Kappel*, 914 F. Supp. at 1058.

### IV.     ARGUMENT

An analysis of these five factors in light of a pending JPML proceeding heavily favors a stay of the instant action. "[W]here a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML."

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d. 367, 370 (S.D.N.Y. 2013) (collecting cases).

Importantly, other Courts with Related Actions in this District have granted stays pending the JPML's decision in MDL No. 2942. *See Camp 1382 LLC v. Lancer Ins. Co.*, No. 1:20-cv-3336-RA (S.D.N.Y. May 26, 2020), ECF No. 9 (attached as Exhibit E); *see also Starjem Restaurant Corp. v. Liberty Mut. Ins.*, No. 1:20-cv-3672-ER (S.D.N.Y. June 4, 2020), ECF No. 10 (attached as Exhibit F).

**A.     Defendant Will Not Be Prejudiced by a Stay.**

Courts in this District "have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case" typically cause no prejudice to the plaintiff, while at the same time, "pending a decision on transfer by the JPML, Defendants may face the risk of inconsistent pre-trial rulings." *Royal Park*, 941 F. Supp. 2d. at 372; *see also Pierre v. Prospect Mortgage LLC*, No. 13-cv-453, 2013 WL 5876151, at *4 (N.D.N.Y. Oct. 31, 2013).

Here, Defendant will not be prejudiced by the requested stay. The JPML will rule on the pending motions to transfer not long after the motions to transfer are heard on July 30, 2020. (Exhibit D at 4-6.) Given the nascent stage of the instant action—similar to that of the other 204 Related Actions before the JPML and other 15 pending within this District, all having been filed with the last three months—Defendant will suffer no prejudice if this Court awaits the JPML ruling before permitting the parties to engage in Rule 12(b)(6) briefing, discovery, and other pretrial matters. Any delay from the proposed stay under the circumstances will be relatively short considering that the JPML motions will be heard this month and, as is typical, ruled on shortly thereafter.

In all likelihood, these proceedings will only be delayed about one month, as contemplated in Plaintiff's proposed Second Revised IPC Order. (Attached as Exhibit G.) This amounts to an inconsequential amount of time at the very commencement of this action. Such a temporary delay cannot reasonably be linked to any hardship or prejudice. *See Pierre*, 2013 WL 5876151, at *4 (JPML decision "could be forthcoming immediately after the hearing on December 5, 2013, or anytime thereafter. [I]f the motion to transfer is denied, this Court will respond promptly to set up a Rule 16 conference and issue a scheduling order. Even if a four-month delay ensues, the Court finds the prejudice to be negligible.").

Despite Defendant's opposition to the instant stay request, the potential for inconsistent pretrial rulings among the Related Actions presents the greater risk of prejudice to Defendant, who has appeared in MDL No. 2942 to oppose centralization, indicating it is a defendant in at least six other actions in five different forums that appear related to the JPML proceeding. (*See In re: COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2942 (J.P.M.L.), Dkt. 373.) The parties should be permitted to conserve their resources when pretrial consolidation with over 200 other actions may come to pass within a month's time.

**B.     The Interests of the Court, Non-Parties, and the Public Favor a Stay.**

Absent prejudice to the non-moving party, "the interests of the Court, the public, and non-parties determines whether" stay should be granted. *In re: OxyContin Antitrust Litig.*, No. 04-md-1603, 2012 WL 5184949, at *7 (S.D.N.Y. Oct. 19, 2012). "[C]ourts in this Circuit have recognized that stays pending transfer 'will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice.'" *Royal Park*, 941 F. Supp. 2d at 373 (internal citations omitted). "A stay pending the [JPML's] decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." Manual For Complex Litigation (4th ed.) § 22.35; *see also* 15 Charles A. Wright, et al., Federal Practice & Procedure § 3866.1 (3d ed.) ("district courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a [JPML] decision").

Each of the 204 other Related Actions presents strikingly similar allegations for denial of coverage arising from government-mandated closure and resulting business losses during the COVID-19 pandemic. As argued in the JPML motions to transfer, "This issue – whether business interruption insurance policies will cover losses incurred by businesses forced to shutter their business as a result of the Governmental Orders – is one of national importance and great significance to the ultimate survival of many businesses." (Exhibit A at 2.) The conduct of the insurer defendants in the Related Actions also appears to be largely uniform in swiftly denying the plaintiffs' claims for coverage by invoking the same boilerplate policy language as their basis for denial. (*Id.* at 5.) All 205 Related Actions ultimately share the same "key core factual question – do the Governmental Orders trigger coverage under the business interruption insurance policies and do any exclusions (particularly those related to viruses or pandemics apply)." (*Id.*) Like any pretrial motions in the other Related Actions, Defendant's proposed motion to dismiss in this action raises a series of complicated and important

legal questions that should not be adjudicated before the JPML determines whether centralization is appropriate.

Any attempt by Defendant to argue that JPML transfer is more unlikely in this instance would be a highly speculative and uncompelling position, considering the breadth of the pending JPML motions, the volume of Related Actions, and the inherently common questions of law and fact they share. (*See* Exhibit B at 5-8.) By contrast, the risk of a failure to stay combined with the JPML granting centralization may result in inconsistent rulings among the Related Actions and unnecessary expenditure of resources by this Court. Even if the JPML were to deny the motions to transfer, the net delay caused by Plaintiff's instant stay request would not materially disrupt this action's pretrial schedule. Considering how limited a stay is contemplated here, the present circumstances militate against proceeding with this action prior to the JPML's decision.

The JPML is considering the consolidation of over 200 class actions brought in nearly 40 federal districts, not to mention the potentially numerous tag-along actions that have not yet been related to the JPML proceeding. Within the Second Circuit alone, there are over 25 Related Actions pending before the JPML. (*See* Exhibit C.) Of those, 16 are pending in this District, none of which have progressed beyond the pleading stage and, in some, the defendants have not yet even appeared and/or the IPCs are set in late August or September, ample time to comfortably postdate the JPML decision. (*Id.*) In fact, two Courts in this District have already granted a stay of proceedings pending the JPML's decision. (*See* Exhibits E-F.) If the JPML determines that one court should adjudicate what appear to be substantially similar claims based on largely uniform policy language, a temporary stay of this action will help prevent duplicative motion practice among the Related Actions and reduce the risk of conflicting decisions among the federal districts and the associated waste of judicial resources.

### V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court stay these proceedings, including the IPC and associated deadlines, pending the outcome of the JPML's consideration of the motions to transfer in MDL No. 2942.

As previously indicated and in compliance with this Court's Individual Practice 1.B, attached as Exhibit G is a proposed Second Revised IPC Order for the Court's consideration, with a continued IPC date of September 4, 2020. Alternatively, as other Courts in this District have ordered in relation to MDL No. 2942, Plaintiff proposes

that the Court adjourn the IPC *sine die* and order the parties to promptly notify the Court of the JPML's decision. (*See, e.g.*, Exhibit E at 3.)

    Sincerely,
    AHDOOT & WOLFSON, PC

    By:  Bradley K. King

Cc: all counsel of record (via ECF, with exhibits)